UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL SAMORA

Plaintiff,

vs.                                                                 No. CV 07-559 JH/WDS

KATY SENA and MIRIAM ROYBAL

Defendants.

### FIRST AMENDED MAGISTRATE JUDGE'S PROPOSED
### FINDINGS AND RECOMMENDED DISPOSITION[1]

This matter comes before the Court on Defendants' Motion to Dismiss pursuant to Fed. Rule of Civ. Proc. 12(b)(6). (Doc. No. 28). Plaintiff's complaint asserts a cause of action under 42 U.S.C. § 1983. Plaintiff is acting *pro se* and has not filed opposition to the motion, and the time in which to do so has expired. Accordingly, the motion is deemed unopposed pursuant to Local Rule of Civil Procedure 7.1(b). The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, finds and recommends that the Motion to Dismiss should be granted. The court makes the following findings and recommended disposition.

### PROCEDURAL BACKGROUND

Plaintiff filed the present claim against Defendants in connection with treatment that he allegedly received at the New Mexico Behavioral Health Institute in Las Vegas, New Mexico. Plaintiff alleged that he had been on the drug trazodone, but that a doctor at the facility took him off the drug, as it was causing undesirable side effects. Plaintiff claims that the Defendants, who are nurses at the facility,

---

[1] Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

negligently continued to administer the drug.

## LEGAL STANDARD FOR A MOTION TO DISMISS

When a court considers a motion to dismiss under Fed. R. Civ. P. Rule 12(b)(6), "[a]ll well pleaded facts, as opposed to conclusory allegations, are accepted as true and viewed in the light most favorable to the non-moving party." *Teigen v. Refrow*, 511 F.3d 1072, 1078 (10th Cir. 2007).  To survive a motion to dismiss, a complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007).

## ANALYSIS

Plaintiff brought a cause of action against Defendants pursuant to 42 U.S.C. § 1983, which states that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." In order to state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *Barnard v. Chamberlain*, 897 F.2d 1059, 1062 (10th Cir. 1990)

Plaintiff claims that Defendants committed three violations of federal law: "violations of constitutional right of pertection [sic], Federal Medicaid Laws and Regulations, (and) 42 USCA §2000 bb-1." 42 U.S.C. §2000 bb-1(b) is part of the Religious Freedom Restoration Act, which is inapplicable to the facts alleged by Plaintiff, which, viewed most favorably to Plaintiff, allege medical malpractice.  Similarly, "Federal Medicaid Laws and Regulations" are inapplicable.  Finally, the Court agrees with Defendants that Plaintiff has not stated sufficient facts to meet either of the two factual requirements for

this type of case, that Plaintiff was involuntarily committed to the mental institution, and that the alleged inadequate care constituted deliberate indifference to his serious medical condition, rather than mere negligence or malpractice. *Monahan v. Dorchester Counseling Center*, 961 F.2d 987 (1st. Cir. 1992); *Perkins v. Kan. Dept.of Corrections*, 165 F.3d 803, 811 (10th Cir. 1999).

## CONCLUSION

The Court finds that Plaintiff's Complaint fails to state a claim upon which relief can be granted for any of the causes of action listed in the Complaint. Therefore, the Court recommends that Plaintiff's complaint against Defendants Katy Sena and Miriam Roybal be dismissed.

_____
W. DANIEL SCHNEIDER
UNITED STATES MAGISTRATE JUDGE